UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In re:                                                      Chapter 7

      RUTIE PENG,                                      Case No.: 24-11542 (DSJ)

             Debtor.

----------------------------------------------------------X

KENNETH P. SILVERMAN, chapter 7 Trustee

of the bankruptcy estate of RUTIE PENG,                     Adversary Proceeding No.:

             Plaintiff,              25-01082 (DSJ)

    -against-

MACY YEUNG a/k/a MACY MEI KUM YEUNG,

             Defendant.

----------------------------------------------------------X

**DEFENDANT MACY YEUNG'S FIRST SET OF INTERROGATORIES TO PLAINTIFF KENNETH P. SILVERMAN, Chapter 7 Trustee of the bankruptcy estate of RUTIE PENG**

       Defendant MACY YEUNG a/k/a MACY MEI KUM YEUNG ("Defendant" or "Macy") by and through her attorney Victor Tsai, Esq., hereby submits the following Interrogatories to Plaintiff KENNETH P. SILVERMAN, chapter 7 Trustee of the Bankruptcy Estate of RUTIE PENG ("Plaintiff") pursuant to Fed. R. Civ. Proc.33:

<u>**DEFINITIONS**</u>

1

1. "Plaintiff" or "you" or "yours" as used herein refers to KENNETH P. SILVERMAN, chapter 7 Trustee of the Bankruptcy Estate of RUTIE PENG, his attorneys and counsel, and any creditor(s) who he represents on behalf of the Bankruptcy Estate.

2. "Debtor" refers to Rutie Peng.

3. "Document" includes all terms and forms included within the scope of the Federal Rules of Civil Procedure, and refers to any written (handwritten or otherwise, printed, graphic, or recorded matter, and any other material constituting the recording of data or information upon or within any tangible thing, however produced, reproduced, or stored (whether electronic, magnetic, print, digital, audio, video, analog, optical, etc.), including without limitation all drafts, originals, and including without limitation all identical and non-identical copies of any of the following: books, records of any kind, manuals, directives, notebooks, file folders, reports, memoranda, letters, notes, reminders, emails, stationery, faxes, telegrams, speeches, diaries, journals, telex messages, calendars, planners, schedules, maps, graphs, charts, contracts, invoices, purchase orders, agreements, agendas, minutes, bill of lading, releases, appraisals, valuations, estimates, opinions, studies, analyses, summaries, magazines or newspaper articles or advertisements, booklets, pamphlets, circulars, brochures, bulletins, databases, directories, instructions, bills, checks, drafts, certificates, tabulations, questionnaires, photographs, negatives, slides, microfilms, microfiches, films, video, audiotapes, surveys, messages, tables, drawings, sketches, working papers, financial statements, computer data (including data or programs stored in a computer, whether or not ever printed out or displayed) compilations, supporting materials, sources, etc.

This includes but is not limited to any such materials created in or on, stored in or on, any computer, personal data assistant, or any other computer devices including its (internal or external) hard drives, portable hard drives, zip disks, DVDs, CDs, CD-ROMs, floppy disks, diskettes, mini-

CDs, UBS-key, compact flashcard or other portable storage media, jazz drives, network drives or servers, email servers, back-up email storage disks or servers, magnetic email storage, internet websites, internet email servers, or intranet pages and servers, cassette tapes, videotapes or any other digital, optical, analog or magnetic recording or storage device. To the extent applicable, "Documents" shall also include all punch cards, tapes, discs, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such materials, and any currently non-usable data in electronic, digital or other form that can be printed out, viewed, or reproduced in readable or usable form through proper programming, unzipping, decompressing or decoding of the electronic, magnetic, or mechanical data storage facility.

4.      "Communication" refers to any oral or written utterance, notation or statement of any nature between two or more persons, regardless of identity, and includes without limitation any conversation, telephone conversation, email conversation, electronic message, voice mail message, statement, discussion, interview, inquiry, facsimile transmission, correspondence, meeting, consultation, or any other transmittal of information, including without limitation notes of any such transmittal of information to another person.

**<u>INSTRUCTIONS</u>**

1.      These Interrogatories are made pursuant to Fed. R. Civ. Proc. 33. Plaintiff is required to respond within 20 days.

2.      Unless otherwise specified or the context otherwise dictates, the Interrogatories address any time between February 27, 2008 and the date of your Responses.

3.      In responding to the Interrogatories, please produce all relevant or responsive documents available to you or in your possession, custody, or control, wherever located, including any and all Documents you have the power to obtain.

4.      If you are aware of any relevant responsive document in responding to the Interrogatories that has been lost, discarded or destroyed, please furnish a list identifying the Document, stating the circumstances of its loss or destruction.  This should include the identity of persons having knowledge of the circumstances of the Document's loss or destruction, the date of its loss or destruction, and a full description of the instructions or policies under which the Document was destroyed or discarded.

5.      In construing these Interrogatories, "and" and "or" are not intended as words of limitation.  Requests formed in the disjunctive should also be read in the conjunctive and vice versa.  Similarly, the singular includes the plural and the plural includes the singular; the masculine includes the feminine and the feminine includes the masculine; and any verbs in the present tense should be read to include the past, future, and imperfect tenses.

6.      These Interrogatories are continuing and call for prompt supplemental Responses when appropriate.

### <u>INTERROGATORIES</u>

1. On what basis do you claim that the transfers of real property and money made by the Debtor to the Defendant were made without consideration or reasonably equivalent value while the Debtor was insolvent and indebted to creditors?

2. State all the transfers of real property and monies that were transferred by the Debtor to Defendant that were made without consideration or reasonably equivalent value.

3. State in detail so as to identify the transfers that constitutes your claim that there is pattern of gratuitously transferring of assets by Debtor out of his name and into the Defendant's possession as alleged in the Complaint.

4. What documents do you have to show that the Debtor's insolvency issues date back as early as June 2013?

5. On what basis do you claim that the transfers from the Debtor to the Defendant were intended to conceal assets and defraud the Debtor's creditors?

6. State the name of the creditor(s) and amount(s) that Debtor intended to defraud when he made the transfer(s) as alleged in the Complaint.

7. Do you claim that the Debtor's actual intent with the Real Property Transfers were to hinder, delay, or defraud the Debtor's creditors?

8. What documents do you have to show that at the time of the Real Property Transfers, the Debtor was indebted to creditors and was not paying his obligations as they became due?

9. On what basis do you claim that the Real Property Transfers were made while the Debtor was insolvent, or they rendered him insolvent?

10. On what basis do you claim that the Debtor did not receive fair consideration in exchange for the Real Property Transfer?

11. What documents do you have to show that as of the date of the Real Property Transfers, there were existing unsecured creditors with allowable claims under §502(e) of the Bankruptcy Code who could have avoided the Real Property Transfers under the DCL?

12. On what basis do you claim that the Securities Transfer was made by the Debtor, to the Defendant, with the actual intent to hinder, delay, or defraud the Debtor's creditors?

13. On what basis do you claim that the Debtor did not receive reasonably equivalent value in exchange for the Securities Transfer?

14. What parts of §273 of the DCL do you claim the Real Property Transfers violate?

15. On what basis do you claim that at the time of the Real Property Transfers, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured?

16. What parts of §274 of the DCL do you claim the Real Property Transfers violate?

17. What parts of §275 of the DCL do you claim the Real Property Transfers violate?

18. What documents do you have to show that the Debtor was continuously insolvent from at least June 18, 2013, through the filing date?

19. On what basis do you claim that the Defendant was aware that the Real Property Transfers were done fraudulently so that the Debtor could avoid paying his legitimate creditors?

20. On what basis do you claim that the Defendant, at all relevant times, was an "insider" of the Debtor?

21. On what basis do you claim that the Debtor transferred over $960,000 from his brokerage account at Firstrade Securities Inc. to the Defendant without receiving reasonably equivalent value in return?

22. On what basis do you claim that the Debtor transferred his interest in two condominium units to the Defendant without receiving reasonably equivalent value in return?

23. On what basis do you claim that the Debtor was insolvent at all times relevant to this litigation?

24. On what basis do you claim that the enrichment of the Defendant was at the expense of the Debtor?

25. What documents do you have to prove that the Debtor and Defendant continue to reside together in property that was transferred to the Defendant as part of the Real Property Transfers?

Dated: Queens, New York

     September 9, 2025

By: /s/ *Victor Tsai*

Victor Tsai, Esq. (VT9956)

Attorney for Defendant

MACY YEUNG

*Office & Post Address:*

3720 Prince Street, 3F

Flushing, NY 11354

(212) 625-9028

Email: ourlawyers@gmail.com

**AFFIRMATION OF SERVICE**

STATE OF NEW YORK　　　)

COUNTY OF QUEENS　　　)　　ss.:

I, VICTOR TSAI, affirms the truth of the following under the penalties of perjury:

I am an attorney authorized to practice law in the State of New York and that on September 9, 2025, I served a true copy of the annexed

 **DEFENDANT MACY YEUNG'S FIRST SET OF INTERROGATORIES TO PLAINTIFF KENNETH P. SILVERMAN, Chapter 7 Trustee of the bankruptcy estate of RUTIE PEN**

by depositing same, in a securely addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York addressed as follows:

RIMON PC

100 JERICHO QUADRANGLE -SUITE 300

JERICHO, NY 11753

Dated: September 9, 2025

　　　　Queens, New York

　　　　　　　　　　　　　　: /s/  *Victor Tsai*　　　

　　　　　　　　　　　　　　　VICTOR TSAI